Ruffin, Judge.
 

 — The question made upon the will has ao difficulty. The bank stock is bequeathed to the exe enters, in trust to receive the dividends as declared, and pay them over to the testator’s daughter during her life, or until the charters expire, and upon that event, unless the charters he renewed, the stock itself is given to the, daughter. Eu her then are united the present, right to the whole profits, and the absolute ultimate dominion — which gives as perfect a property as is known to the law. The
 
 eestui que trust
 
 can call for the legal estate at her wilL It is not like the case of a bequest in trust for the main=
 
 iem-me
 
 of another. There the trustee must retain the property, in order to provide out of the profits for the support of the object of the testator’s bounty. He must keep the fund in his own hands, lest it he wasted. Bui here the fund is to go (eventually) directly to the daughter, and in the mean while, the whole profits, not
 
 as
 
 a maintenance to be provided by the executor, but as a general pecuniary legacy. The only purpose of the testator seems to have been, to save his daughter the trouble of receiving the dividends personally at the bank, and «> give his advice to her to keep that fund in stock, as Jang as she could, in preference to venting it otherwise» Ful whether that was his intention or not, such is necessarily the construction ; for the law will not permit a -(estator to pass the absolute property, and then fetter if, without a limitation over, with restrictions inconsistent with the general ownership created by him. It is one of she first, rules of a trust, that the
 
 cestui qne trust
 
 can cal! su> the írneí"*' «i fhta
 
 Cfonrt
 
 for the legal estate.
 

 
 *360
 
 It would give the Court much satisfaction, if an equity could be raised on the other point made in the answer ? an(j jj. ¡8 wejj W01‘thy the consideration of the Legislature. The truth is, that by an undue influence, which every husband, either by blandishment or harshness, can exercise over a wife, she may be induced, and most of them are induced, indirectly, to convey their estates to their husbands, in the method practised here. But. what can the Court do ? It is a legal conveyance of a legal estate, supported by the statute. If not, let it be con* tested at law, and each party there make the most of his 'case. But if it be, where is the equity we can go on here ? Both the husband and the children are volunteers 3 and the first in time is best off. Certainly if the deed were defective, Equity would not raise a finger to help it. But if it be valid in law, we are kept equally sfill 3 for there is no consideration to set us in motion. If the estate were
 
 d
 
 mere equity, we would gladly interpose 3 for our power would be exercised in the protection, and aot in the restriction of the wife.
 

 Per Curiam.
 

 — Let a decree be entered according to the prayer of the bill.